McFarland, J.,
delivered the opinion of the. court.
The complainant charges in her bill that her husband, John ~W. N eam, was the owner of a tract of land in Lauder-dale county, upon which he resided with his family, consisting- of herself and several children; that after the adoption of the constitution of 1870, he conveyed said land by deed to "Win. E. Campbell and K. C. Parr; that Parr after-wards conveyed his interest to Campbell, and Campbell subsequently conveyed to the defendant Pugh; that upon the sale by the husband he moved himself and family off the land, and the possession has since been held by the defendant; that after the date of all these conveyances her said husband died intestate; he never acquired any other land or homestead, and that she now has no homestead.
.Complainant claims that as she never consented to the alienation of said homestead, that she has a right to be restored to the possession with an account of rents.
The chancellor overruled the demurrer of Campbell and Pugh, and they have appealed.
The constitution of 1870 exempts a homestead from sale by execution in the possession of a head of a family, and extends its benefits to the widow and minor children, and further ordains that such homestead shall not be alienated without the consent of the wife when that relation exists; *674 and a subsequent act of the legislature provides that the consent can only be given by deed duly executed.
We have held that a wife is not to be deprived of this right, although the husband, during his life, moved away from the land with her and his family; she may after-wards assert her right and be restored to possession. Carter v. Notham et al., and Williamson v. Wood, MS.
The homestead exemption is not an estate in the land, but a mere exemption, and when the widow voluntarily abandons the possession her right is gone (Hicks v. Pepper, MS. [since reported in 1 Bax., 42]); but not so where she [a wife, not a widow] was moved from the premises by her husband.
The decree was properly overruled as to Pugh, who now is in possession, and claims to own the land, but we think the demurrer should have been sustained as to Campbell, lie now claims no interest in the land, and can only be a necessary party for the purpose of an account of rents, but we think the complainant is not entitled to an account of rents from Campbell, whose possession was in the lifetime of complainant’s husband.
We decree accordingly.